UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID GOUVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-cv-30066-MAP |
| | ) | |
| TIMOTHY BRENNAN, MICHAEL | ) | |
| GORSKI, and MARTIN LOUIS, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND FURTHER RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)
(Docket No. 2)

ROBERTSON, U.S.M.J.

On April 10, 2015, David Gouvin ("Plaintiff") filed this civil action against the defendants, Timothy Brennan, Michael Gorski, and Martin Louis (together, "Defendants"). Plaintiff is self-represented. Presently before the court is Plaintiff's motion to proceed *in forma pauperis* (Docket No. 2), which was referred to the undersigned on May 20, 2015 (Dkt. No. 6). *See* 20 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). For the reasons that follow, the court recommends granting Plaintiff's motion to proceed *in forma pauperis*, but, because the complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2), the court further recommends that the complaint be dismissed without prejudice for a lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  Background

Plaintiff, a resident of Brimfield, Massachusetts, seeks redress against Defendants who are also residents of Massachusetts (Dkt. No. 1 at 1). The civil cover sheet filed along with the

complaint identifies "diversity" under 28 U.S.C. § 1332 as the basis for the court's jurisdiction (Dkt. No. 1-1). The complaint apparently revolves around the installation of a septic system at Plaintiff's property, which he alleges was paid for by a small grant (Dkt. No. 1 at 1). Plaintiff alleges that his health and the health of his family are at risk due to significant damage to the septic system, which Defendants have repeatedly failed to fix (*id.* at 1-2). According to the complaint, Plaintiff's drinking water is contaminated, his family has become sick multiple times as a result, and he must purchase bottled drinking water, costing about $1,200 per year, as well as chemicals to treat his well (*id.* at 2). Plaintiff further alleges that work related to the septic system was conducted around two spring-fed ponds on his property, ruining both ponds and causing the loss of the live bait business he shares with his grandson (*id.* at 1, 2-3). According to the complaint, there is a "cover up" regarding testing results of the drinking water (*id.* at 1-2), and each Defendant has been involved in some, if not all, of the alleged misconduct, including but not limited to the initial damage of the system, multiple refusals to fix the system, and "numerous wet land [sic] and title five violations" on the property (*id.* at 2). In addition, Plaintiff alleges that he has requested records from the Attorney General's office and other state agencies but has not received any such records (*id.* at 3-4). The agencies are not named defendants in this matter, and it is unclear whether Plaintiff has pursued receipt of those records under the state Freedom of Information Act. Throughout the complaint, Plaintiff refers to such state agencies and other organizations using only acronyms (e.g., "P.V.P.C.," "D.H.C.D.," "B.O.H.", and "D.E.P."), failing to properly identify these entities or sufficiently explain their role or involvement in this matter. The complaint is drafted in narrative form and lacks any information about date, time, or location of the events described therein. Finally, the complaint fails to assert any legal claims or violations of any state or federal laws.[1]

---

[1] On the civil cover sheet, Plaintiff indicates that the nature of his lawsuit is "contract," specifically,

II. Discussion

Upon review of Plaintiff's application to proceed without prepayment of fees, the court concludes that he is without income or assets to pay the filing fee. Accordingly, the court recommends granting the motion to proceed *in forma pauperis*. That does not end the court's inquiry, however. Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). This statute directs federal courts, at any time, to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if, among other things, the action fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court also has an independent obligation to inquire into whether it has subject-matter jurisdiction over the case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). For purposes of this preliminary screening, the court liberally construes Plaintiff's complaint because he is self-represented. *See Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)). Even allowing for a liberal construction of Plaintiff's allegations, the court recommends that the complaint be dismissed without prejudice for the reasons set forth below.

A. Jurisdiction

Federal courts are courts of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel*, 399 F.3d at 410 (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). Federal district courts have subject-matter jurisdiction over certain civil actions in which the parties are

---

"other contract," and describes his cause of action as "broken septic system and contaminated well" (Dkt. No 1-1).

of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"), and civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"). "The existence of subject-matter jurisdiction 'is never presumed.'" *Fafel*, 399 F.3d at 410 (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)).

Plaintiff has identified "diversity" pursuant to § 1332 as the basis for this court's jurisdiction (Dkt. No 1-1). Where a party seeks to invoke the jurisdiction of a federal court under § 1332, there must be complete diversity of citizenship among the parties. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity does not exist where any defendant and any plaintiff are domiciled in the same state. *See id.* Here, Plaintiff and Defendants all reside in Massachusetts. Therefore, complete diversity of citizenship does not exist, and the court cannot exercise jurisdiction over this matter pursuant to § 1332, as Plaintiff suggests.

Even if Plaintiff had invoked § 1331 as a basis for this court's jurisdiction, the complaint fails to identify any cause of action under federal law or allege any facts suggestive of a federal claim. Indeed, Plaintiff indicated on the civil cover sheet that the nature of his lawsuit is "contract" (Dkt. No. 1-1); breach of contract is not claim that arises under federal law for purposes of jurisdiction under § 1331. Because the court lacks jurisdiction pursuant to § 1332 or § 1331, dismissal of the complaint for lack of subject-matter jurisdiction is appropriate. *See* Fed. Civ. P. 12(h)(3).

B.    <u>Failure to Comply with Rules 8 and 10 of the Federal Rules of Civil Procedure</u>

Even if the court had subject-matter jurisdiction over this case, the undersigned would recommend dismissal because the complaint fails to comply with the pleading standards set forth in Federal Rules of Civil Procedure 8 and 10. Rule 10 governs the form of pleadings and requires a party to state its claims or defenses in numbered paragraphs limited to a single set of

circumstances. *See* Fed. R. Civ. P. 10(b). Here, as noted above, the complaint is in narrative form.

More importantly, the complaint fails to comply with Rule 8(a), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriquenos En Accion v. Hernandez*, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "'at least set forth minimal facts as to who did what to whom, when, where, and why.'" *Calvi*, 470 F.3d at 430 (quoting *Educadores Puertorriquenos En Accion*, 367 F.3d at 68). It must afford the defendant a "meaningful opportunity to mount a defense." *Diaz-Rivera v. Rivera-Rodriguez*, 377 F.3d 119, 123 (1st Cir. 2004).

Here, Plaintiff has not set forth a short and plain statement of his claim(s). While certain themes can be discerned from the pleading, it falls short of providing, among other things, the time, date, and location of any of the alleged events, thereby failing to provide Defendants notice of "who did what to whom, when, where, and why." *Calvi*, 470 F.3d at 430. Moreover, the complaint does not contain any indication of the causes of action Plaintiff seeks to bring. It is merely a lengthy description or narrative of a variety of alleged incidents apparently involving Defendants. Although Plaintiff is self-represented, he still bears the minimal burden of setting forth claims in a manner that would permit Defendants a meaningful opportunity to respond. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must plead more than a mere allegation that the defendant has harmed him); *Calvi*, 470 F.3d at 430 (although the requirements of Rule 8(a)(2) are "minimal," those "requirements are not tantamount to nonexistent requirements"); *see*

*also Schied v. Fanny Farmer Candy Shops Inc.*, 859 F.2d 434, 437 (6th Cir. 1998) (a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory") (emphasis in original), *abrogated on other grounds*, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Resources*, 532 U.S. 598 (2001). The complaint is confusing, and Defendants could not provide a meaningful response to the allegations. Because the complaint fails to state any cognizable claim for relief, the court also recommends dismissal without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

III.    Conclusion

For the foregoing reasons, it is this court's RECOMMENDATION that Plaintiff's Motion to Proceed *In Forma Pauperis* be granted, but that the complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii).[2]


DATED: May 21, 2015

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

---

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.